```
             UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>human</u>

    v.                                                      Civil No. 13-cv-547-LM

<u>State of New Hampshire</u>

**REPORT AND RECOMMENDATION**

Plaintiff, whose name is "human," has filed a "Motion for Relief from Judgment" (doc. no. 12) invoking Rules 60(b)(1) and 60(b)(6) of the Federal Rules of Civil Procedure. The motion has been referred to this Magistrate Judge for a report and recommendation as to disposition.

**Procedural Background**

Plaintiff filed a complaint (doc. no. 1) on December 23, 2013. On March 18, 2014, this court issued an order (doc. no. 3) directing plaintiff to show cause why the complaint should not be dismissed under the <u>Rooker</u>-<u>Feldman</u> doctrine. Plaintiff filed a response (doc. no. 6) on April 10, 2014, and a motion to amend complaint (doc. no. 7) on April 30, 2014. On May 28, 2014, the court issued an order (doc. no. 8) granting the motion

to amend, thus adding a claim to the action that generally asserted facial and as-applied challenges to the constitutionality of N.H. Rev. Stat. Ann. § ("RSA") 490:4, and certain New Hampshire Supreme Court rules and New Hampshire Superior Court policies. In the May 28 order, the court went on to dismiss the complaint in its entirety, finding that plaintiff had failed to show cause why the claims in the complaint should not be dismissed. The court further found that the generalized assertion of the unconstitutionality of a state statute and certain court rules and policies, failed to provide a basis for relief.

Plaintiff did not appeal the dismissal of his action. Instead, plaintiff filed the instant motion seeking relief from the judgment of dismissal, asserting that the dismissal of his complaint was improper, insofar as it dispensed with his facial constitutional challenge, and that he is therefore entitled to relief under Rules 60(b)(1) and 60(b)(6).

**Discussion**

Rule 60(b)(1) authorizes a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(6) is

a catch-all provision allowing relief from final judgment for any reason, not otherwise enumerated in Rule 60(b), "that justifies relief."  Fed. R. Civ. P. 60(b)(6).

Plaintiff did not timely appeal the underlying order, and did not file the instant motion within the time allowed for taking an appeal.  Rule 60(b)(1) motions, like plaintiff's, filed after the time for appeal has run, asserting the district court's mistake of law as the basis for granting relief from judgment, are generally denied.  11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2858.1 (3d ed. 2012); see also Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 189 (1st Cir. 2004) (plaintiffs may not seek relief under Rule 60(b)(1) based on district court's mistakes (citing Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir. 1971))).

"Rule 60(b)(6) may not be used as a back-door substitute for an omitted appeal, and, in all but the most exceptional circumstances, a party's neglect to prosecute a timeous appeal will bar relief under the rule."  Cotto v. United States, 993 F.2d 274, 278 (1st Cir. 1993); see also United States v. Guerrero, 487 F. App'x 938, 939 (5th Cir.) (per curiam), cert. denied, 129 S. Ct. 28 (2012).  Plaintiff cannot use the instant

motion as a surrogate for a timely appeal, where he has not shown that there are any circumstances otherwise warranting relief under Rule 60(b)(1) or (b)(6). Accordingly, plaintiff's motion for relief from judgment (doc. no. 12) should be denied.

## Conclusion

For the foregoing reasons, plaintiff's motion seeking relief from judgment (doc. no. 12) should be denied. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 16, 2014

cc: human, pro se